# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00194-DSC

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELAINE B. CAIN and )<br>WANDA MARIA CAIN, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Wanda Cain's and Plaintiff's "Motion[s] for Summary Judgment" (documents ## 27 & 29) and the parties' associated briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 29 U.S.C. § 636 (c). This Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court denies the parties' Motions for Summary Judgment as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2018, Plaintiff filed this interpleader action pursuant to 28 U.S.C. § 1335. Plaintiff moves for Summary Judgment as to Defendant Elaine Cain's counterclaims, to be discharged from this action, for an award of attorney's fees, and for an order restraining

Defendants from commencing any further action. Defendant Wanda Cain has also moved for Summary Judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A dispute is genuine if a reasonable jury could return a verdict for the non-moving party." Vannoy v. Federal Reserve Bank of Richmond, 827 F.3d 296, 300 (4th Cir. 2016) (quoting Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "A fact is material if it might affect the outcome of the suit under the governing law." Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the evidence and any inferences therefrom in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court applies "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the non-moving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir. 2015) (quoting Tolan, 572 U.S. at 660).

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Id. at 568-69 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court

therefore cannot weigh the evidence or make credibility determinations." Id. at 569 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

### III. Discussion

The Court concludes that taking the evidence in the light most favorable to Plaintiff and Defendant Elaine Cain, there are issues of material fact that would permit, but not require, a reasonable jury to return a verdict in their favor. Accordingly, Defendant Wanda Cain's Motion for Summary Judgment is denied.

Taking the evidence in the light most favorable to Defendants, there are issues of material fact that would permit, but not require, a reasonable jury to return a verdict in their favor. Accordingly, Plaintiff's Motion for Summary Judgment is denied.

Defendants agree that mediation could be fruitful. The Court will extend the mediation deadline ninety days.

Defendant Wanda Cain is eligible for the Pro Se Settlement Assistance Program.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED** that:

1. Defendant Wanda Cain's and Plaintiff's "Motion[s] for Summary Judgment" (Documents ## 27 & 29) are **DENIED**.
2. The mediation deadline is extended to September 18, 2019.

3. The Clerk is directed to send a "Notice of Availability of Pro Se Settlement Assistance Program" to Defendant Wanda Cain.

4. The Clerk is directed to send copies of this Memorandum and Order to the pro se Defendant and to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 18, 2019

David S. Cayer
United States Magistrate Judge